The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, 5 foot 3 inch, 180 pound married female, who completed the ninth grade. Her other prior work experience has involved being a cloth grader at Texfli and machine operator at Rocky Mount Mills. She did not have an antecedent history of physical problems with her dominant right hand prior to December of 1994.
2. Defendant-employer is a manufacturer of comforters, pillows and (pillow) shams, and at the time of developing the right hand problem giving rise hereto, plaintiff had been employed at Pillowtex for ten years as a floor person responsible for passing out work and other needed materials to the other employees on the manufacturing floor who were involved in sewing the comforters, and thereafter collecting their completed work. The comforters ranged in sizes from twin to king and weighed from two to five pounds. Although they were made of different materials, the majority of the comforters were denim and plaintiff averaged passing out one hundred or more of the comforters each shift.
3. Approximately six days prior to December 14, 1994 plaintiff's right hand began hurting without specific incident or injury. Once her symptoms began they progressively worsened as she continued to use the same hand to pass out comforters to the premises sewers and because of her symptoms plaintiff began wearing a bandage on her right hand.
4. While similarly attempting to pull comforters out of the cart and flip them onto a sewer's work table on December 14, 1994, plaintiff experienced a severe pulling sensation in her right wrist forcing her to stop work and seek medical treatment for the resulting right wrist sprain she sustained due to the manner that she had to repetitively use the same hand in the course of her floor person job handling comforters.
5. There is no evidence that the same job placed plaintiff at an increased risk of developing a wrist sprain as compared to members of the general public and other employments at large. The record is silent on this issue because Dr. Jones was not asked about increased risk in his testimony and none of the stipulated medical records mention it.
6. Even assuming arguendo, however, that the floor person's job placed plaintiff at an increased risk of developing a wrist sprain; she has not suffered any compensable period of disability as a result thereof for the reasons more fully hereinafter stated.
7. On December 14, 1994 plaintiff initially sought medical treatment for her resulting right wrist sprain at the Carolina Urgent Care Center, where she was provided medication as well as a wrist splint to wear and released to return to light-duty work for the next five days until she could be seen in follow-up. At that time plaintiff was not prescribed a sling to wear. She was not limited to one-handed work that did not require the use of her injured right hand; but rather, was only limited to light-duty work with that hand.
8. Although defendant-employer had suitable light-duty work available for her the next day; plaintiff unjustifiably refused to perform it; but rather, left work after only an hour and a half. When plaintiff returned to the Carolina Urgent Care Center for follow up on December 19, 1994 she was again released to return to light duty, which did not involve lifting over ten pounds with her injured right arm or spraining or forceful pushing, pulling or twisting and defendant-employer had available for her and she unjustifiably refused to accept because she claimed she was only capable of one-handed work. Again when plaintiff returned to the Carolina Urgent Care Center for follow-up on December 26, 1994 she was again released to work that did not involve heavy work, which defendant-employer had available for her on December 15, 1994 and she unjustifiably refused to accept.
9. Plaintiff was last seen at the Carolina Urgent Care Center on December 30, 1994, which again released her to return to work involving no lifting with her right hand. Although as it similarly had since her injury, defendant-employer had suitable work available for plaintiff doing inventory that did not require any lifting with her right hand; after doing the job one day plaintiff refused to continue it.
10. Because of her continuing problems, defendant-carrier subsequently referred plaintiff to an orthopedic surgeon, Dr. Robert G. Jones, who initially saw her on January 6, 1995 and prescribed medication and a wrist splint for her to wear for two weeks and released her to return to light-duty work that did not involve lifting more than twenty pounds with her injured right hand. Plaintiff was not limited to one-handed work nor did she require a sling to wear while working.
11. Although defendant-employer had suitable work available for her in the decorative pillow department laying up pillows that merely required her to lift bundles of pillows weighing in the four to seven pound range, put tickets in the bundles and tie the bundles up, which required her to use both hands, and plaintiff was capable of performing the same job, including tying up the bundles requiring her to use both hands; she unjustifiably refused to perform the complete job by tying up the bundles requiring that someone else do that for her and on January 18, 1995 defendant-employer justifiably sent her home because of that refusal.
12. Although Dr. Jones told plaintiff to only wear her wrist splint for two weeks, upon returning to him for re-evaluation on February 17, 1995 she was not only still wearing a hand splint, but a sling, the former of which was no longer necessary and the latter of which had never been necessary and as a result he instructed her to stop using both.
13. Despite her complaints on February 17, 1995 and her alleged inability to use the same arm, which was totally inconsistent with her ability to remove her blouse without difficulty, plaintiff remained capable of light-duty work, which defendant-employer had available in the form of the job laying up decorative pillows and she unjustifiably refused to perform.
14. By the time she was last seen by Dr. Jones on March 20, 1995, plaintiff had reached maximum medical improvement and/or the end of the healing period from and following her right wrist sprain, at which time she did not retain any permanent partial disability as a result of the same injury and was capable of returning to unrestricted work for defendant-employer. Plaintiff's testimony, which if believed, would tend to establish that she has remained totally incapacitated by her injury since March 20, 1995 or that she was not earlier capable of the suitable light duty work that defendant-employer had available for her, is not accepted as credible.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For the reasons stated in the above findings of fact, plaintiff has not proven that the right wrist sprain for which she claims compensation was due to causes and conditions that are characteristic of and peculiar to her particular trade, occupation or employment, but excluding all ordinary diseases of life to which the public is equally exposed outside of that employment. G.S. 97-53(13).
2. Even assuming arguendo that plaintiff's job as a floor person placed her at an increased risk of the involved wrist sprain she developed from the same job; for the reasons also stated in the above findings of fact plaintiff has not sustained any compensable period of disability as a result of her wrist injury because by March 20, 1995 she had reached maximum medical improvement from and following the same injury without any resulting permanent partial disability and by the same date was not only capable of returning to unrestricted work, but in the interim she remained capable of light-duty work and defendant-employer at all times had suitable light-duty work available for her, which she unjustifiably refused to perform.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own cost.
FOR THE FULL COMMISSION
 S/ ____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 11/26/96